NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEFINA NINO BIBIANO; MARLON NINO BIBIANO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.  15-73128

Agency Nos.  A202-098-224
A202-098-225

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2022**
Pasadena, California

Before: TALLMAN and FRIEDLAND, Circuit Judges, and KORMAN,*** District Judge.

Josefina Nino Bibiano and derivatively her son, natives and citizens of

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Mexico, petition for review of the Board of Immigration Appeals' order dismissing their appeal from the Immigration Judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the Board's determination that Petitioners failed to establish eligibility for asylum. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). Petitioners are not "refugee[s]," as defined in the Refugee Act of 1980. 8 U.S.C. § 1101(a)(42)(A). Petitioners did not show past persecution because they were not harmed in Mexico and it appears that the anonymous threats were a case of mistaken identity. *See Sharma*, 9 F.4th at 1061. The record does not compel a conclusion otherwise. *See id*.

Nor did Petitioners establish an objectively reasonable fear of persecution on account of a protected ground. *See id.* at 1065–66.[1] Petitioners' fear of crime and general lawlessness in Mexico is insufficient to establish eligibility for asylum. *See Singh v. I.N.S.*, 134 F.3d 962, 967 (9th Cir. 1998); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no

---

[1] The BIA held that Petitioners' imputed particular social group argument was waived because it was not raised to the IJ and was not properly presented to the Board. Petitioners have not offered any valid basis for reversing that determination.

2

nexus to a protected ground.").

**PETITION FOR REVIEW DENIED.**